**DWIGHT C. HOLTON, OSB #09054**
United States Attorney
District of Oregon
**JOHNATHAN S. HAUB, OSB# 76165**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  503-727-1000
johnhaub@usdoj.gov
    Attorneys for United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No.: 10-mj-00490 |
| v. | **GOVERNMENT'S MEMORANDUM REGARDING TITLE 18, UNITED STATES CODE, SECTION 1591** |
| **ANDRE MARCELLE MILLER,** | |
| Defendant. | |

The United States of America, by Dwight C. Holton, United States Attorney for the District of Oregon, and Johnathan S. Haub, Assistant United States Attorney, hereby submits the following memorandum regarding Title 18, United States Code, Section 1591, in light of the Court's order permitting the parties to brief the issue of the validity of a prosecution of defendant on charges of Sex Trafficking of a Minor where no force, fraud, or coercion is present.

THE STATUTE AT ISSUE

**A.**    <u>Title 18, United States Code, Section 1591(a)</u>

Title 18, United States Code, Section 1591(a), enacted as part of the Victims of Trafficking and Violence Protection Act 2000 ("TVPA"), states in pertinent part:

/ / /

/ / /

Page 1 - **GOVERNMENT'S MEMORANDUM REGARDING TITLE 18, UNITED
          STATES CODE, SECTION 1591**

**Sex trafficking of children or by force, fraud, or coercion**

(a) Whoever knowingly-

**(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person; or

**(2)** benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing that force, fraud, or coercion described in subsection (c)(2) will be used to cause the person to engage in a commercial sex act, **or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act,** shall be punished as provided in subsection (b). (Emphasis supplied.)

The elements of this offense of sex trafficking of a minor are:

1. The defendant knowingly recruited, enticed, harbored, transported, provided or obtained a person that defendant knew[1] was less than eighteen years old; and
2. The defendant knew that the person would be caused to engage in a commercial sex act; and
3. The defendant's act of recruiting, enticing, harboring, transporting, providing or obtaining was in or affecting interstate commerce.

Thus, in the case of sex trafficking of a minor, there is no requirement to prove force, fraud, or coercion. *See*, *United States v. Brooks*, 610 F.3d 1186, (9th Cir. 2009) (holding child sex trafficking defendant had to know victim was under 18 years of age to be guilty under 18 U.S.C. § 1591–where there was no evidence of force, fraud, or coercion). Such proof is required for cases involving adults, as envisioned by Congress when it enacted the Trafficking Victim's Protection Act of 2000, and it's subsequent re-authorization acts in 2003, 2006, and 2008 pertaining to the second prong of 18 U.S.C. § 1591. *See*, *United States v. Todd*, 584 F.3d 788,

---

[1] Title 18, U.S.C. § 1591 (c) provides: "In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years."

(9th Cir. 2009) (holding in a case where victims were all over 18, the jury had to be instructed that the offense required proof of "fraud, force or coercion.").

Statutory penalties for violating section 1591 are quite severe, and an examination of them is helpful to see the importance of age as a component of punishment. In instances where no force, fraud or coercion is used and in which the victim is between 14 and 18 years of age, the statutory maximum penalty is up to life imprisonment, with a mandatory minimum term of ten years imprisonment. 18 U.S.C. § 1591(b)(2). If the victim has not attained the age of 14 years, or in instances when force, fraud or coercion can be proved, the statutory maximum penalty is life imprisonment with a mandatory minimum term of 15 years imprisonment. *See*, 18 U.S.C. § 1591(b)(1). Thus, punishment can be imposed based on force, fraud or coercion, or in the alternative, due to the fact the victim was a minor.

Moreover, the title of the statute itself reads "Sex trafficking of children **or** by force, fraud, or coercion" (emphasis supplied) likewise supports the government's position that interstate sex trafficking of minors does not require proof of force, fraud or coercion.

**B.    Requested Relief**

The government respectfully urges the Court to hold the defendant to answer on allegations of Sex Trafficking of a Child pursuant to Title 18 U.S.C. § 1591(a).

DATED this 26th day of November, 2010.

                      Respectfully submitted,

                      DWIGHT C. HOLTON
                      United States Attorney

                      *s/ Johnathan S. Haub*
                      JOHNATHAN S. HAUB, OSB# 76165
                      Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **GOVERNMENT'S MEMORANDUM REGARDING TITLE 18, UNITED STATES CODE, SECTION 1591** was placed, according to established office procedures, in the U.S. Attorney's Office's mail room in the outgoing mailbox designated for the Federal Public Defender's Office and the U.S. Probation Officer, respectively, on November 26, 2010, addressed to:

> Ellen C. Pitcher
> Assistant Federal Public Defender
> 101 SW Main, Suite 1700
> Portland, OR 97204

*s/ Judith C. Burton*
**Judith C. Burton,** Legal Assistant