Ellen C. Pitcher, OSB No. 81455
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: ellen_pitcher@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR No. 10-mj-490 |
| **Plaintiff,** | |
| vs. | **POST PRELIMINARY HEARING MEMORANDUM REGARDING SUFFICIENCY OF THE EVIDENCE** |
| **ANDRE MARCELLE MILLER,** | |
| **Defendant.** | |

The defendant, through his attorney, Ellen C. Pitcher, respectfully submits this Memorandum in support of this Court's finding, held in abeyance, that the government has not established probable cause to find he violated 18 U.S.C. § 1591(a) at the November 23rd preliminary hearing held in the above-captioned case.

**The Relevant Statutes**

The complaint filed in this case alleged that Mr. Miller had violated both 18 U.S.C. § 1591(a) and 18 U.S.C. § 2423(a). 18 U.S.C. § 1591(a), entitled **Sex trafficking of children or by force, fraud or coercion**, states:

> (a) Whoever knowingly --
>
> > (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains or maintains by any means a person; or
> >
> > (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

**The Evidence Presented At The Preliminary Hearing**

The government called ICE agent Josh Findlay as its only witness at the preliminary hearing. Agent Findlay testified to his role as the undercover officer in setting up a "date" with A.G.,[1] which resulted in her being taken into custody, and subsequently in Mr. Miller's arrest. During that encounter, he did not learn anything about Mr. Miller's specific

---

[1] The 17-year-old alleged victim is referred to as "A.G." throughout the complaint and during testimony.

involvement in A.G.'s activities.  He also testified to his interview with Mr. Miller. Although a transcript is not available, counsel's recollection of his testimony is that Mr. Miller denied knowing that A.G. was underage, and also did not admit that he had "caused" her to engage in a commercial sex act, as is required by the statute.  Finally, although Agent Findlay had not personally interviewed A.G., he attested to the general validity of the affidavit filed with the Complaint, and it was admitted into evidence.

The affidavit, in ¶11, contained the only information directly linking Mr. Miller with A.G.'s attempted act of prostitution.  In Agent Burke's interview of A.G., she discusses that she ran away from home and began prostituting herself about a month prior to her arrest, in order to support herself.  Some time after that, she met Mr. Miller through friends.  She discussed her Backpage ads, which state she is 19.  She does not indicate that Mr. Miller had anything to do with her becoming a prostitute or advertising her services.  She details a recent conversation she had with him where she told Mr. Miller her rules for prostitution and indicated that she would not put up with him hitting her.  She reports that he told her "she could do whatever made her comfortable and he would take care of her."  She made her own appointments, she and Mr. Miller discussed her planned dates, and she gave him her money afterwards and "he holds it for her."  She told Agent Burke that for this short period of time that they were together, she was the only one earning money.  She indicated that "Miller was not her 'pimp' because 'it is not like that' and he does not treat her badly

or physically assault her." She confirmed that they had traveled from Portland to Vancouver so she could engage in an act of prostitution.[2]

**Discussion**

The government contends that 18 U.S.C. § 1591(a) only requires proof that "that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act," and not that there be "means of force, threats of force, fraud, coercion" used as well, when the person so used is underage, citing *United States v. Brooks,* 610 F.3d 1186 (9th Cir. 2010). In *Brooks,* the Court discusses the defendant's argument that charging him with both § 1591(a) and § 2423(a) (as is the case here) was a violation of the Fifth Amendment's prohibition against double jeopardy, and then parses the two statutes in ruling that, although there are fine distinctions between the elements of the two, they do not meet the *Blockburger* test and therefore prosecutions under both statutes can be maintained simultaneously. It is in that context that the Court observes that the government must prove that the victim was under the age of 18. *Id.* at 1195.

Despite this distinction, defense counsel concedes that, although § 1591(a) is confusingly drafted (as observed in *Brooks*), the title of the statute as well as the clauses in

---

[2]The government also introduced into evidence, in addition to the complaint, a copy of A.G.'s classified ad, on which she claims to be 19, a DMV photograph of A.G., and a diagram of the occupants in the vehicle in which A.G. arrived in Vancouver, WA, drawn from A.G.'s information.

the disjunctive support the government's position that, where the victim is underage, proof of force, fraud or coercion, which the government concedes is *not* present in this case, is unnecessary to convict under the statute.

However, the government's evidence is still insufficient to support probable cause to bind Mr. Miller over on § 1591(a). Unlike 18 U.S.C. § 2423(a), which only requires that the defendant transport a minor over state lines "with intent that the individual engage in prostitution," § 1591(a) requires proof that the victim "will be caused to engage in a commercial sex act." To "cause" is defined in Webster's Third Unabridged Dictionary as: "to serve as cause or occasion, or to effect by command, authority, or force." Something more than accompanying A.G., or procuring a ride for her to travel interstate, is required under this statute. The government's proof, from A.G.'s own interview, indicates that she was working as a prostitute prior to meeting Mr. Miller, that she explained to him her "rules of the game," that she set her own dates, and did not view him as her "pimp." This is insufficient to provide probable cause of a violation of § 1591, which requires that Mr. Miller "caused" her to engage in these acts. The Court's ruling only finding probable cause on 18 U.S.C. § 2423(a) should stand.

RESPECTFULLY SUBMITTED this November 30, 2010.

/s/ Ellen C. Pitcher
Ellen C. Pitcher
Attorney for Defendant