

FILED
DEC 03 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES,

                Plaintiff,                                  CR No. 10-MJ-490

                    v.                                          ORDER

ANDRE MARCELLE MILLER,

                Defendant.

ACOSTA, Magistrate Judge:

      The United States filed a complaint against defendant on November 18, 2010, alleging that defendant violated subsection (a) of 18 U.S.C. § 1591, entitled "Sex trafficking of children or by force, fraud, or coercion," and subsection (a) of 18 U.S.C. § 2423, entitled "Transportation of minors." On November 23, 2010, a preliminary examination on the complaint occurred, during which examination the government's witness was questioned by the government's

attorney and the defendant's attorney. At the conclusion of testimony, defendant then moved to dismiss both charges in the complaint. The court found probable cause to support the alleged violation of 18 U.S.C. § 2423(a) but deferred ruling on defendant's motion against 18 U.S.C. § 1591(a) pending the filing of supplemental briefs. The court ordered counsel to address the application of § 1591(a) to the defendant's alleged conduct, which the complaint charged violated that statute. Specifically, the court directed counsel to address whether § 1591(a) included as an element of the crime the use of "force, fraud, or coercion".

Supplemental briefing has been filed and the court has reviewed it. In his brief, defendant concedes that "although § 1591(a) is confusingly drafted[,] the title of the statute as well as the clauses in the disjunctive support the government's position that, where the victim is underage, proof of force, fraud, or coercion, which the government concedes is *not* present in this case, is unnecessary to convict under the statute." Defendant's Post-Preliminary hearing Memorandum (Docket No. 8) at 5 (italics in original). The court agrees that the statute, as defendant acknowledges and the government contends, does not require the government to allege that a defendant used force, fraud, coercion to state a violation of the statute. Accordingly, the defendant's motion to dismiss the charge under § 1591(a) on that basis is denied.

Defendant asserts a second basis for dismissing the § 1591(a) charge, that the "government's evidence is still insufficient to support probable cause to bind [him] over on § 1591(a)." Defendant's Post-Preliminary hearing Memorandum at 5. Defendant's position rests on the statute's causal element; he argues that "to cause" another to engage in a commercial sex act in violation of the statute means " 'to effect by command, authority, or force.' " *Id.*, citing WEBSTER'S THIRD UNABRIDGED DICTIONARY. Defendant thus contends that something more

than merely accompanying the alleged victim or procuring a ride for her to travel in interstate commerce is required to state a violation under § 1591(a), and he points out that the government's evidence presented at the preliminary hearing shows nothing more than such conduct. Defendant's Post-Preliminary hearing Memorandum at 5.

The court finds that the government's evidence is sufficient to support a probable cause that defendant violated § 1591(a). First, the court declines to accept defendant's construction of the statute because such construction imports into the statute the very element that defendant concedes the statute does not require. "To effect by command, authority, or force," the causation definition defendant uses to distinguish the conduct alleged in the complaint from the conduct which he says must be alleged to constitute a violation of the statute, is not materially distinct from the statute's "force, fraud, or coercion" component. The defendant has acknowledged that the government need not show that he engaged in "force, fraud, or coercion" to establish a violation of the statute, but his suggested definition of "to cause" in the statute would require the government to make that very showing. Indeed, "force" appears both in the statute and in defendant's suggested definition, and "command" and "authority" suggest that the actor has power to require the alleged victim to engage in an conduct. In any event, if, as the government contends and the defendant acknowledges, no allegation or showing of force, fraud, or coercion need be made under the statute when the alleged victim is a minor, then defendant's proposed construction cannot be a correct reading of the statute on this point.

Second, the government's evidence is sufficient to support a probable cause finding that the defendant was aware that the alleged victim was a minor and that he knowingly facilitated her travel in interstate commerce for the purpose of his own financial gain. Among other evidence,

ORDER                                   3

the government's supporting affidavit contains the alleged victim's statements that she and the defendant discussed her engaging in sex for money, that they talked about the "rules" for her engaging in such conduct, and that she gave defendant the money from those encounters. The government's supporting affidavit also shows that defendant was present with the alleged victim at least on some occasions when she crossed states lines for the purpose of engaging sexual conduct for money. In sum, the affidavit supporting the complaint establishes probable cause the government's charge that defendant violated § 1591(a). Thus, defendant's motion to dismiss the charge under § 1591(a) on this basis is denied.

For the reasons set forth above, defendant's motion to dismiss the § 1591(a) charge in the complaint is DENIED.

Dated this 3rd day of December, 2010.

_____
JOHN V. ACOSTA
U.S. MAGISTRATE JUDGE