**DWIGHT C. HOLTON, OSB# 09054**
United States Attorney
District of Oregon
**JOHNATHAN S. HAUB, OSB# 76165**
Assistant United States Attorney
john.haub@usdoj.gov
**GREGORY R. NYHUS, OSB #91384**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile: (503) 727-1117
        Attorneys for United States of America


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION


| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 10-CR-00512-MO** |
| **v.** | **GOVERNMENT'S TRIAL MEMORANDUM** |
| **ANDRE MARCELLE MILLER,** | |
| **Defendant.** | |

_____


        The United States of America, through Dwight C. Holton, United States Attorney for the

District of Oregon, and Johnathan S. Haub and Gregory R. Nyhus, Assistant United States

Attorneys, hereby submits the following trial memorandum for the Court's consideration.

**A.    Case Overview**.

        On November 5, 2010, agents from the U.S. Immigration and Customs Enforcement

(ICE), Assistant Special Agent in Charge (ASAC), Portland, Oregon office assisted the Portland

Page 1 -    **Government's Trial Memorandum**
            *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

Federal Bureau of Investigation (FBI) in Operation Cross Country, a nationwide operation designed to identify and rescue underage prostitutes and victims of human trafficking.  As part of the operation, an undercover agent (UC), ICE Special Agent (SA) Josh Findley, placed telephone calls to individuals who advertised on locally based WebPages such as Portland's "www.backpage.com" under the adult  "escorts" section.

Similar investigatory measures were taking place in Portland, Oregon and throughout the nation on that date.  An undercover location near Vancouver Mall, Vancouver, Washington, was used to produce videotaped evidence of individuals arriving to perform commercial sex acts in a manner similar to the television series "To Catch A Predator."  During the operation on November 5, 2010, two juvenile females were rescued, and six adult females taken into custody. This case involves one of the juvenile females what had traveled across state lines.

SA Findley made several attempts, via telephone, to make contact with the individual listed in the following advertisement which was posted on Portland's "Backpage.com" website on November 5, 2010, 05:07pm:

**$$$$$ Mz. Prize Ready to Go Live $$$$-19**
**I'm a very precious woman that come with gifts and surprises…I have bills for $100 dollars that I have to pay or a pair of $150 pair of shoes…id like to meet somebody that is worth my time….no prices call me now if you're the kind caring non flay type. (650)223-1955 so lets meet and greet!!!**
**Poster's age**
**Post ID: 4519326**

After several calls and texts between "Mz. Prize" and the UC, a meeting was arranged for a residence in Vancouver, Washington.  During one of the conversations, the UC provided

Page 2 -      **Government's Trial Memorandum**
             *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

directions to "Mz. Prize" from Interstate 205 in Portland, Multnomah County, Oregon, to the residence in Vancouver, Clark County, Washington.

At approximately 9:20pm, "Mz. Prize" arrived at the residence in a vehicle bearing Washington license plate 993YFG with three other occupants.  "Mz. Prize" entered the residence and discussed the terms of the date with the UC.  These terms included $150 for a half hour session wherein "Mz. Prize" would "strip" and let SA Findley have sexual intercourse with her. SA Findley provided "Mz. Prize" first with $140, and then with $160 which she counted in front of the UC.  SA Findley had earlier agreed to a price of $150, but when Findley was advised he had shorted "Mz. Price" by $10, he provided her a $20 bill and told her to keep the $10 for "gas money."  When SA Findley told AG that she appeared much younger than 19 years of age, AG replied that she was in fact 19 years of age.  Shortly thereafter, the arrest team entered the residence and contacted "Mz. Prize." Other agents contacted those waiting outside in a vehicle.

"Mz. Prize" was soon identified as a seventeen-year old runaway minor from Spokane, Washington.  She will be referred to hereinafter as "AG[1]."  AG was handcuffed, advised of her *Miranda* rights, and transported to Vancouver Police Department to be interviewed.  During a search of AG, two condoms were found in her jacket pocket.  She had no cell phone on her person or other identification.  The $160 she had accepted was recovered by agents for continued use with other visitors throughout the evening.

At the Vancouver Police Department, AG was provided a victim advocate from the

---

[1]AG has since become 18 years of age.  She will state her true name and testify at trial. She is expecting a child in July, 2011, and presently lives in a home for expectant mothers.  She is unmarried.

Page 3 -    **Government's Trial Memorandum**
             *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

YWCA, and interviewed by a female police officer.  During the interview, AG disclosed she had

run away from her home about three weeks prior, and had engaged in commercial sex activities

for about a month prior as a means to make money.  She began posting prostitution ads on

Spokane's "Backpage.com." website.  AG stated that she has performed lap dances for $25-$30,

[fellatio] for $100, and sexual intercourse for $150.  She came to the Vancouver residence that

night with three other individuals whom she identified as "Neecie" (later identified as Tra'Neace

Groby), "Ace" (Christopher Spears), and "Prize" (defendant Andre Marcelle Miller).

        She admitted meeting defendant three weeks prior through a friend identified as "RP."

She stated that the previous weekend, "RP" drove her and defendant to a hotel in SeaTac.  She

stated that defendant called Spears and Groby in order to "meet up" and they ended up coming to

the hotel and staying with them.  She stated they were only there a couple of nights when she

posted an advertisement on Seattle's Backpage.com web site.  She said she only responded to

one male for a commercial sex act.

        AG stated that on Tuesday (November 2, 2010) they went to Portland and stayed at a

"Motel 6."  AG stated that she changed her "Backpage.com" advertisement to reflect her

location as that of Portland, Oregon.

        AG stated that she and defendant had a recent conversation about the "rules of the game"

in regards to prostitution.  One of the rules was to use condoms during commercial sex acts.  AG

stated she only wanted to prostitute long enough to get rich, and that she would not put up with

defendant hitting her.  She stated that defendant told her she could do whatever made her

comfortable and he would take care of her.

        AG stated that she sets up her own appointments and she only had to do it when she felt

like it.  She stated that when they are low on money she makes an appointment, and that she and defendant agree on it.  After doing the sex acts AG stated she gives Miller all the money she receives and he holds it for her.  AG stated that whenever she needs anything, she just asks defendant and he gives her whatever she needs.  AG stated that she and defendant agreed to go from town to town to get money.  AG stated that Miller was "not her pimp" because "it is not like that,"noting that defendant does not treat her bad or physically assault her.  She stated that she never directly told defendant her true age.

Subsequent to AG being contacted by uniformed law enforcement agents, the three individuals waiting in the vehicle that brought AG to residence in Vancouver were contacted. Agents identified a 19-year old female in the driver's seat  as Tra'Neace Groby, a 25-year old male in the right front passenger seat as Christopher Spears, and 35 year-old defendant in the left rear passenger seat.  Ms. Groby gave consent to search the vehicle, and inside the vehicle, two pages of notebook paper were found that had handwritten directions for travel from Portland, Oregon to the residence in Vancouver, Washington.  There is an address on one of the pages that coincides with the address of a Motel 6 in Portland, Oregon.  AG will identify this writing as hers.

Five cellular telephones were seized by authorities, and at least two of these phones will be offered in evidence at trial.  One of the phones with a 509, Spokane, area code, has a caller ID listed as "$$$$~ Daddy~$$$$." Text messages and photos of defendant on this phone will be offered into evidence at trial.

Christopher Spears and Tra'Neace Groby spoke with the police and were released.

Defendant and SA Findley

Page 5 -        **Government's Trial Memorandum**
                *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

**B.    Trial Length and Status**.

The government expects that the trial will last approximately three (3) judicial days.  The

Court has scheduled jury selection to begin on Tuesday, June 28, 2011.

**C.    Superseding Indictment Charges.**

**1.    Sex Trafficking of a Minor (Count 1)**.

The defendant is charged in Count 1 with Sex Trafficking of a Minor, in violation of 18

U.S.C. § 1591(a).  That statute provides:

> (a) Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce, or within the special
> maritime and territorial jurisdiction of the United States, recruits, entices,
> harbors, transports, provides, obtains, or maintains by any means a person;
> or
>
> (2) benefits, financially or by receiving anything of value, from
> participation in a venture which has engaged in an act described in
> violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats
> of force, fraud, coercion described in subsection (e)(2), or any
> combination of such means will be used to cause the person to engage in a
> commercial sex act, or that the person has not attained the age of 18 years[2]
> and will be caused to engage in a commercial sex act, shall be punished as
> provided in subsection (b).

---

[2]  18 U.S.C. § 1591 provides in pertinent part as follows: "(c)  In a prosecution under
subsection (a)(1) in which the defendant had a *reasonable opportunity to observe* the person so
recruited, enticed, harbored, transported, provided, obtained or maintained, *the Government need
not prove that the defendant knew that the person had not attained the age of 18 years*." *Id*.
Notwithstanding this provision, the Government will seek to prove defendant knew that "AG"
was under 18 years of age as an element of this offense, and will not rely upon the provision that
allows for imputed knowledge based on a "reasonable opportunity to observe" the minor.

The Superseding Indictment in this case reads as follows with respect to Count 1:

> "On and between about October 26,  2010, and continuing until November 5, 2010, the exact dates unknown to the Grand Jury, in the Western District of Washington and District of Oregon, defendant ANDRE MARCELLE MILLER, in and affecting interstate and foreign commerce, knowingly benefitted financially and received anything of value from participation in a venture which recruited, enticed,  harbored, transported, provided, obtained and maintained by any means, "AG," also known as "Ms. Prize," said defendant knowing and in reckless disregard that said minor had not attained the age of 18 years, and would be caused to engage in a commercial sex act; all in violation of Title 18, United States Code, Sections 1591(a) and 1591(b)(2)."

In order for the defendant to be found guilty of the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly benefitted financially and received anything of value from participation in a venture which recruited, enticed,  harbored, transported, provided, obtained and maintained by any means, "AG," also known as "Ms. Prize, and,

Second, defendant knew, or acted in reckless disregard of the fact that such person less than eighteen years old, and would be caused to engage in a commercial sex act; and;

Third, defendant's act of harboring, transporting, providing or maintaining was done in or affecting interstate commerce.

In this case a "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.  18 U.S.C. § 1591(c)(1).

In this case a "venture" means any group of two or more individuals associated in fact, whether or not a legal entity. 18 U.S.C. § 1591(c)(3).

In this case, "sexual act" means:

Page 7 -    **Government's Trial Memorandum**
            *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. 18 U.S.C. § 2246(2).

This Court has jurisdiction over this offense because it began,

continued, and/or was completed within the District of Oregon. 18 U.S.C. § 3237(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 8 -    **Government's Trial Memorandum**
            *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

### 2.    Transportation With Intent To Engage In Criminal Sexual Activity
### (Count 2)

The defendant is charged in Count 2 with Transportation With Intent To Engage In

Criminal Activity, in violation of 18 U.S.C. § 2423(a).  That statute provides:

> (a) Transportation With Intent To Engage in Criminal Sexual Activity.— A
> person who knowingly transports an individual who has not attained the age of 18
> years in interstate or foreign commerce, or in any commonwealth, territory or
> possession of the United States, with intent that the individual engage in
> prostitution, or in any sexual activity for which any person can be charged with a
> criminal offense, shall be fined under this title and imprisoned not less than ten
> years or for life.

In this case, defendant is charged in Count 2 of the Superseding Indictment as

follows:

#### (Transportation with Intent to Engage in Criminal Sexual Activity)

On or about November 5, 2010, in the District of Oregon and Western District of
Washington, defendant ANDRE MARCELLE MILLER, did knowingly transport in
interstate commerce, an individual who had not attained the age of 18 years, to wit: a
minor known to the Grand Jury as "AG," also known as "Ms. Prize," with the intent that
such minor engage in any sexual activity for which any person can be charged with a
criminal offense; all in violation of Title 18, United States Code, Section 2423(a)."

In order for the defendant to be found guilty of the charge, the government must prove

each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transported an individual in interstate commerce; and,

Second, the individual was under 18 years of age when the transportation took place; and

Third, the defendant intended that the person engage in any sexual activity for which any

person can be charged with a criminal offense.

This Court has jurisdiction over this offense because it began,

continued, and/or was completed within the District of Oregon. 18 U.S.C. § 3237(a).

It is not a defense to the crime of transporting a minor for purposes of prostitution that

the defendant was ignorant of the minor's age.  The transporter assumes the risk that the victim

is a minor, regardless of what the victim says or how the victim appears.  *See United States v.*

*Taylor*, 239 F.3d 994, 997 (9th Cir. 2001).

### 3.    Interstate Transportation For Sexual Activity (Count 3).

Defendant is charged in Count 3 of the Superseding Indictment with Transportation with

Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a).

That statute provides:

> "Whoever knowingly transports any individual in interstate or foreign commerce,
> or in any Territory or Possession of the United States, with intent that such
> individual engage in prostitution, or in any sexual activity for which any person
> can be charged with a criminal offense, or attempts to do so, shall be fined under
> this title or imprisoned not more than 10 years, or both."

In this case, defendant is charged in Count 3 of the Superseding Indictment as follows:

> On or about November 5, 2010, in the District of Oregon and Western District of
> Washington, defendant ANDRE MARCELLE MILLER, did knowingly transport
> in interstate commerce, an individual known to the Grand Jury as "AG," and "Ms.
> Prize," with the intent that such individual engage in any sexual activity for which
> any person can be charged with a criminal offense; all in violation of Title 18,
> United States Code Section 2421."

In order for the defendant to be found guilty of the charge, the government must prove

each of the following elements beyond a reasonable doubt:

First, defendant knowingly transported, attempted to transport, or aided and abetted the transportation of an individual in interstate or foreign commerce; and,

Second, the purpose of the travel was for the individual to engage in any sexual activity for which any person can be charged with a criminal offense.

This Court has jurisdiction over this offense because it began, continued, and/or was completed within the District of Oregon. 18 U.S.C. § 3237(a).

**E.     Government Witnesses**.

The government anticipates calling, absent stipulations, approximately 16 witnesses, many of which should involve fairly short testimony. This number is subject to change depending on arguments defendant may make during the trial. The government has submitted a separate list of the witnesses. Witness reports have already been provided to the defendant.

**F.     Stipulations.**

At this time there are several stipulations between the parties. The parties expect to stipulate to certain facts prior to and during trial.

**G.     Government Exhibits**

The government will offer approximately 50 exhibits. The government has submitted a separate exhibit list. The government also requests permission to add to its exhibit list as needed, based upon defendant's questions of witnesses and possible defenses that may arise. Defendant has already been provided with copies of almost all of the government's potential exhibits.

**H.      Government's Requested Jury Instructions**

The government's proposed jury instructions have been submitted in a separate

document.

**I.      Government's Requested Voir Dire Topics**

The government has submitted a separate list of Voir Dire topics.

**J.      Anticipated Defenses.**

Defendant will likely claim that the government cannot prove the allegations that he

knew the individual referred to as "AG" was under 18 years of age at the time of the offense with

respect to Counts 1 and 2.  If the government fails to prove this element with respect to Count 1,

defendant should be acquitted.  However, with respect to Count 2, it is not a defense to the crime

of transporting a minor for purposes of prostitution if defendant was ignorant of the child's age.

*See United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001).  If someone knowingly transports

a person for the purposes of prostitution or another sex offense, the transporter assumes the risk

that the victim is a minor, regardless of what the victim says or how the victim appears. *Id.*


**K.      Evidentiary Issues at Trial**.

**1.      Defendant's Statements**

At trial the government intends to offer the statements of defendant's voluntary

statements made to SA Findley during a videotaped interview, and in follow-up letters sent to

SA Findley on November 19, 2010 and November 26, 2010.  The videotaped statements and

portions of the written communications of defendant contain reference to his drug dealing,

criminal record, jail experiences, and the like.

Page 12 -      **Government's Trial Memorandum**
                  *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

These references will be redacted to eliminate such references.

Defendant's written statements to SA Findley includes two letters admitting a limited role in prostitution activities:  On November 19, 2010, defendant wrote:   "I don't take responsibility for promoting Ashley to engage in sexual activity.  However, I do take responsibility of <u>informing her that I would always watch after her and help her manage her money</u>.  I played a role in this big mess and never intended to be part of trafficking a minor.  I was under the impression she was of legal age.  (You may confirm that with Ashley.)  Ashley like a lil sister to me or even a daughter is why shes Mz. Prize. *** When sentencing comes around I pray you speak highly on my behalf for a reasonable structured sentence."

On November 26, 2010, defendant sent SA Findley another letter, making notations on a copy of the criminal complaint then pending against him.  In pertinent part, he wrote, "I'm going to take responsibility for assisting in what turned out to be illegal activity of prostitution.  By calling Ace or asking for a ride as far as recruit, entice, harbor, transport, provide, obtain, or maintain a person knowing that the person has not obtained 189I had no knowledge of her being 19 years of age. *** However inform that prosecutor friend of yours to give me a decent deal I'm not going to piss my attorney of more by taking about this case.  Happy Holidays Sincerely Andre Miller P.S. My rap name is Prize Pezzo (smile symbol) LOL."

### 2.        Defendant's Criminal Convictions

In the event that defendant elects to exercise his right to testify in this matter, the government may seek to impeach his credibility by introducing the fact that defendant has suffered several prior felony convictions.  Each conviction related to the trafficking, distribution or possession of a controlled substance.

Page 13 -      **Government's Trial Memorandum**
               *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

Convictions involving "dishonesty or false statement," within the meaning of rule pertaining to the admissibility of prior convictions for the purpose of attacking credibility, are automatically admissible; the court need not conduct a balancing test. Fed. R. Evid. 609(a)(2).

Generally, crimes of violence, theft crimes, and crimes of stealth do not involve "dishonesty or false statement" and are thus not automatically admissible to impeach the credibility of a witness; although such crimes may indicate a lack of respect for the persons or property of others, they do not bear directly on the likelihood that the witness will testify truthfully.

In cases involving the accused, Fed. R. Evid 609(a)(1) commits to the sound discretion of the trial court the task of weighing the probative value of the prior conviction with respect to the witness' truthfulness against the prejudicial effect of admission on the defense.

In *United States v. Cook*, 608 F.2d 1175, 1185 n. 8 (9th Cir.1979) (*en banc*), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), *overruled on other grounds*, *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the court outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1): (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect. *Browne*, 829 F.2d at 763. *See also*, *United States v. Bidegary*,  39 Fed.Appx. 506, (9th Cir. 2002).

Page 14 -    **Government's Trial Memorandum**
             *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

The government acknowledges that while the titles and particulars of each conviction may not be admissible, the *fact* of those convictions may be relevant and admissable under a final analysis, in considering each of the five factors present.  If the Court makes this finding at the time defendant testifies, the government seeks an order allowing proof of defendant's prior felony convictions.  In this regard, the government will urge simply that defendant should be required to truthfully answer a government question "Have you ever been convicted as a felony offense?"

3.    **Introduction of "Backpage.com" advertisements**

The government expects a witness from Backpage.com to validate records of certain advertisements published through their services in the "adult" services "escorts" section relating to locations in Washington and Oregon.  SA Findley and/or the company representative are expected to detail the process for posting an ad, for posting in multiple locations, for including photographs in ads, the use of an identification number, etc.

4.    **Analysis of Phone Records–seized at time of defendant's arrest**

The government expects forensic examiners to appear as witnesses to identify the stored information, times, text messages, photos, and call times which are relevant to this case.

/ / /

/ / /

/ / /

Page 15 -    **Government's Trial Memorandum**
              *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

## CONCLUSION

The government submits the evidence is sufficient to support the charges against defendant and the anticipated evidence outlined above is admissible at trial.

Dated this 17 th day of June, 2011.

DWIGHT C. HOLTON
United States Attorney

*s/ Johnathan S. Haub*
JOHNATHAN S. HAUB, OSB# 76165
Assistant United States Attorney

*s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB #91384
Assistant United States Attorney