**DWIGHT C. HOLTON, OSB# 09054**
United States Attorney
District of Oregon
**JOHNATHAN S. HAUB, OSB# 76165**
Assistant United States Attorney
john.haub@usdoj.gov
**GREGORY R. NYHUS, OSB #91384**
Assistant United States Attorney
greg.r.nyhus@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile: (503) 727-1117
        Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 10-CR-00512-MO** |
| **v.** | **GOVERNMENT'S** |
| | **SENTENCING MEMORANDUM** |
| **ANDRE MARCELLE MILLER,** | |
| | **Sentencing Date:** |
| **Defendant.** | **September 12, 2011 at 10:30 a.m.** |

The United States of America, by Dwight C. Holton, United States Attorney for the

District of Oregon, through Johnathan S. Haub, and Gregory R. Nyhus, Assistant United States

Attorneys for the District of Oregon, hereby submit the following government's sentencing

memorandum:

The defendant is scheduled to be sentenced on September 12, 2011.  The PSR at ¶¶ 2-7

correctly summarizes the plea agreement between the parties.

/ / /

/ / /

PAGE 1 - GOVERNMENT'S SENTENCING MEMORANDUM
        *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

## I. *The Investigation*[1]

On November 5, 2010, agents from the U.S. Immigration and Customs Enforcement (ICE), Assistant Special Agent in Charge (ASAC), Portland, Oregon office assisted the Portland Federal Bureau of Investigation (FBI) in Operation Cross Country, a nationwide operation designed to identify and rescue underage prostitutes and victims of human trafficking. As part of the operation, an undercover agent (UC), ICE Special Agent (SA) Josh Findley, placed telephone calls to individuals who advertised on locally based WebPages such as Portland's "www.backpage.com" under the adult "escorts" section.

Similar investigatory measures were taking place in Portland, Oregon and throughout the nation on that date. An undercover location near Vancouver Mall was used to produce videotaped evidence of individuals arriving to perform commercial sex acts in a manner similar to the television series "To Catch A Predator." During the operation on November 5, 2010, two juvenile females were rescued, and six adult females taken into custody. This case involves one of the juvenile females who had traveled across state lines.

SA Findley made several attempts, via telephone, to make contact with the individual listed in the following advertisement which was posted on Portland's "Backpage.com" website on November 5, 2010 at 05:07 p.m.:

/ / /

/ / /

/ / /

---

[1] These facts were contained in the trial memorandum submitted in advance of the scheduled trial. Defendant is not expected to agree with all the facts and conclusions provided here.

PAGE 2 - GOVERNMENT'S SENTENCING MEMORANDUM
    *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

**$$$$$ Mz. Prize Ready to Go Live $$$$-19**
**I'm a very precious woman that come with gifts and surprises…i have**
**bills for $100 dollars that i have to pay or a pair of $150 pair of**
**shoes…id like to meet somebody that is worth my time….no prices**
**call me now if your the kind caring non flay type. (650)223-1955 so**
**lets meet and greet!!!**

**Poster's age**
**Post ID: 4519326**

After several calls and texts between "Mz. Prize" and the UC, a meeting was arranged at

a residence in Vancouver, WA.  During one of the conversations, the UC provided directions to

"Mz. Prize" from Interstate 205 in Portland, Multnomah County, Oregon, to the residence in

Vancouver, Clark County, Washington.

At approximately 9:20 p.m., "Mz. Prize" arrived at the residence in a vehicle bearing

Washington license plate 993YFG with three other occupants.  "Mz. Prize" entered the residence

and discussed the terms of the date with the UC.  These terms included $150 for a half hour

session wherein "Mz. Prize" would "strip" and let SA Findley have sexual intercourse with her.

SA Findley provided "Mz. Prize" first with $140, and then with $160 which she counted in front

of the UC.  SA Findley had earlier agreed to a price of $150, but when Findley was advised he

had shorted "Mz. Price" by $10, he provided her a $20 bill and told her to keep the $10 for "gas

money."  When SA Findley told AG that she appeared much younger than 19 years of age, AG

replied that she was in fact 19 years of age.  Shortly thereafter, the arrest team entered the

residence and contacted "Mz. Prize." Other agents contacted those waiting outside in a vehicle.

"Mz. Prize" was soon identified as a seventeen-year old runaway minor from Spokane,

Washington.  She will be referred to hereinafter as "AG."  AG was handcuffed, advised of her

*Miranda* rights, and transported to Vancouver Police Department to be interviewed.  During a

search of AG, two condoms were found in her jacket pocket.  She had no cell phone on her

PAGE 3 - GOVERNMENT'S SENTENCING MEMORANDUM
        *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

person or other identification.  The $160 she had accepted was recovered by agents for continued use with other visitors throughout the evening.

At the Vancouver Police Department, AG was provided a victim advocate from the YWCA, and interviewed by a female police officer.  During the interview, AG disclosed she had run away from her home about three weeks prior, and had engaged in commercial sex activities for about a month prior as a means to make money.  She began posting prostitution ads on Spokane's "Backpage.com." website.  AG stated that she has performed lap dances for $25-$30, [fellatio] for $100, and sexual intercourse for $150.  She came to the Vancouver residence that night with three other individuals whom she identified as "Neecie" (later identified as Tra'Neace Groby), "Ace" (Christopher Spears), and "Prize" (defendant Andre Marcelle Miller).

She admitted meeting defendant three weeks prior through a friend identified as "RP."  She stated that the previous weekend, "RP" drove her and defendant to a hotel in SeaTac.  She stated that defendant called Spears and Groby in order to "meet up" and they ended up coming to the hotel and staying with them.  She stated they were only there a couple of nights when she posted an advertisement on Seattle's Backpage.com web site.  She said she only responded to one male for a commercial sex act in Seattle.

AG stated that on Tuesday (November 2, 2010) they went to Portland and stayed at a "Motel 6."  AG stated that she changed her "Backpage.com" advertisement to reflect her location as that of Portland, Oregon.

AG stated that she and defendant had a recent conversation about the "rules of the game" in regards to prostitution.  One of the rules was to use condoms during commercial sex acts.  AG stated she only wanted to prostitute long enough to get rich, and that she would not put up with

defendant hitting her.  She stated that defendant told her she could do whatever made her comfortable and he would take care of her.

AG stated that she sets up her own appointments and she only had to do it when she felt like it.  She stated that when they are low on money she makes an appointment, and that she and defendant agree on it.  After doing the sex acts AG stated she gives Miller all the money she receives and he holds it for her.  AG stated that whenever she needs anything, she just asks defendant and he gives her whatever she needs.  AG stated that she and defendant agreed to go from town to town to get money.  AG stated that Miller was "not her pimp" because "it is not like that," noting that defendant does not treat her bad or physically assault her.  She stated that she never directly told defendant her true age.

Subsequent to AG being contacted by uniformed law enforcement agents, the three individuals waiting in the vehicle that brought AG to the residence in Vancouver were contacted. Agents identified a 19-year old female in the driver's seat  as Tra'Neace Groby, a 25-year old male in the right front passenger seat as Christopher Spears, and 35 year-old defendant in the left rear passenger seat.  Ms. Groby gave consent to search the vehicle, and inside the vehicle, two pages of notebook paper were found that had handwritten directions for travel from Portland, Oregon to the residence in Vancouver, Washington.  There is an address on one of the pages that coincides with the address of a Motel 6 in Portland, Oregon.

Five cellular telephones were seized by authorities. One of the phones with a 509, Spokane, area code, has a caller ID listed as "$$$$~ Daddy~$$$$."

Defendant made a lengthy statement to SA Findley and wrote follow-up letters admitting a limited role in prostitution activities:  On November 19, 2010, defendant wrote:   "I don't take

PAGE 5 - GOVERNMENT'S SENTENCING MEMORANDUM
   *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

responsibility for promoting AG to engage in sexual activity.  However, I do take responsibility

of <u>informing her that I would always watch after her and help her manage her money</u>.  I played a

role in this big mess and never intended to be part of trafficking a minor.  I was under the

impression she was of legal age.  (You may confirm that with AG.)  AG like a lil sister to me or

even a daugher (sic) is why shes Mz. Prize. ....When sentencing comes around I pray you speak

highly on my behalf for a reasonable structured sentence."

On November 26, 2010, defendant sent SA Findley another letter, making notations on a

copy of the criminal complaint then pending against him.  In pertinent part, he wrote, "I'm going

to take responsibility for assisting in what turned out to be illegal activity of prostitution.  By

calling Ace or asking for a ride as far as recruit, entice, harbor, transport, provide, obtain, or

maintain a person knowing that the person has not obtained 18 I had no knowledge of her being

19 years of age. ...However inform that prosecutor friend of yours to give me a decent deal I'm

not going to piss my attorney of more by taking about this case.  Happy Holidays Sincerely

Andre Miller P.S. My rap name is Prize Pezzo (smile symbol) LOL."

**II.  *Guideline Calculations and Section 3553(a) Considerations***: The government seeks to

adhere to the principles of the Sentencing Guidelines while treating defendant as a individual

who is "atypical" in some respects, as sex traffickers go.  Paragraph 8 of the government's plea

offer contains the following:

> "**<u>Title 18 U.S.C. § 3553(a) Variance:</u>**  The government believes the application
> of the guidelines in this case will not reflect a fair assessment of defendant's
> criminal activity when viewed against the typical sex trafficking case involving
> minor victims.

/ / /

/ / /

PAGE 6 - GOVERNMENT'S SENTENCING MEMORANDUM
   *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

- In this case the victim was in fact a 17-year old female, (five months and 29 days short of her 18th birthday) who insists she never told defendant her true age, and who was already involved in prostitution activity when she met defendant in Spokane, Washington, her hometown.

- The computer use in this case is attributed to an uncharged female adult who used the computer to place and pay for an advertisement on "backpage.com," an internet web site.

- Defendant immediately acknowledged his responsibility for this offense, and communicated his guilt in writing to SA Findley promptly and repeatedly.

- Defendant never sought to intimidate or threaten the victim during their relatively brief relationship.

Had the victim been six months older, this case would be a straight "Mann Act" case with an advisory sentencing guideline range of 24-30 months imprisonment. This disparity suggests grounds for a further two-level variance from the advisory guidelines to more accurately reflect defendant's individual character and the circumstances of this crime pursuant to Title 18 U.S.C. § 3553(a)."

**Guideline Calculations**: The government believes that the base offense level is 24, which is increased two levels for use of a computer, and two levels for a commercial sex act. Because the use of computers is pervasive in modern society, it may be equitable to disregard this "enhancement." In this case, another person, and not the defendant, used a computer to post the advertisement on "Backpage.com." On the other hand, were it not for the posting of the advertisement, this crime would not have been committed. Prostitution activities are now often centered around computer generated notices, advertisements, and digital photos, which allow for increased anonymity for the sellers and purchasers of commercial sex, as opposed to curbside solicitation. The government leaves such an enhancement to the judgment of this Court, but believes it facially applies to the guideline calculation to be used in determining a proper sentencing range.

PAGE 7 - GOVERNMENT'S SENTENCING MEMORANDUM
*United States v. Andre Marcelle Miller,* 10-CR-00512-MO

The government extended a concession to defendant in its plea offer by invoking a six-level reduction pursuant to USSG § 2X3.1(a)(a) for the offense of Accessory After The Fact. With a three level further reduction for acceptance of responsibility, the total adjusted offense level will be 19 with the computer enhancement, and 17 without the computer enhancement. The sentencing range of 51-63 months at Category VI, level 17 provides a reasonable and fair guideline range as far as the government is concerned.

**Sentencing Recommendation**. The government urges a low-end sentence of 51 months imprisonment, to be followed by three years of supervised released. A $100 fee assessment is due at sentencing. The statutory maximum sentence for this offense is sixty months imprisonment. Defendant is free to seek a lesser sentence pursuant to the plea bargain with the government.

**III. *Victim Impact Statement "No Contact Order" and Presence at Sentencing*:** The victim in this case, AG has since become of age. She has provided a victim impact statement which will be submitted to the Court under separate cover. She has requested to attend the sentencing hearing by way of video teleconference at the Spokane, Washington, federal courthouse. The government seeks permission of this Court for such attendance.

AG has since given birth to a child. and has obtained her GED certification. She believes defendant is the father of this child. Defendant's written correspondence supports a conclusion that he also believes he is the father of her child. A "no contact order" would ordinarily be appropriate in such a case as this. If AG is permitted to attend the sentencing hearing, her wishes regarding this issue can be considered, but the issue is ultimately one for the Court. The government believes further contact with AG by defendant is ill-advised. If paternity

PAGE 8 - GOVERNMENT'S SENTENCING MEMORANDUM
    *United States v. Andre Marcelle Miller,* 10-CR-00512-MO

proceedings are brought, the courts in Washington State can adjudicate further parental rights

with respect to the child.

     As part of his plea agreement with the government, the defendant has waived most of his

appellate rights.

     DATED this 30th day of August, 2011.


                    Respectfully submitted,

                    DWIGHT C. HOLTON
                    United States Attorney

                    *s/ Johnathan S. Haub*
                    JOHNATHAN S. HAUB, OSB# 76165
                    Assistant United States Attorney

                    *s/ Gregory R. Nyhus*
                    GREGORY R. NYHUS, OSB# 91384
                    Assistant United States Attorney

PAGE 9 - GOVERNMENT'S SENTENCING MEMORANDUM
     *United States v. Andre Marcelle Miller,* 10-CR-00512-MO